# IN THE COURT OF APPEALS OF IOWA

No. 17-2011
Filed March 7, 2018

**IN THE INTEREST OF C.C. and H.C.,**
**Minor Children,**

**D.C., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.


The father appeals from the juvenile court order terminating his parental rights to two of his children. **AFFIRMED.**


Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Christine D. Zamora Frederick of Zamora Taylor Woods & Frederick, Davenport, guardian ad litem for minor children.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

The father appeals the termination of his parental rights to his children, H.C. and C.C.[1]  The juvenile court terminated his parental rights to both children pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), and (*l*) (2017).  The father does not challenge whether the statutory grounds for termination have been met, so we need not consider this step.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  Rather, he maintains termination is not in the children's best interests because of the bond they share with him, and he asks for additional time to reunify with them.  *See* Iowa Code §§ 232.104(2)(b), .116(2), (3)(c).

Here, the children were removed from their parents' care in July 2016 due to the parents' issues with substance abuse.  At the time of removal, both children tested positive for drugs—including methamphetamine and cocaine—and the parents tested positive for methamphetamine and heroin.  Though the parents initially participated in some services, they stopped attending all visitations beginning in January 2017 and had no contact with the children between that date and the date of the termination hearing, in November 2017.  Additionally, at the time of the termination hearing, the father had not yet attended any substance-abuse treatment and was incarcerated.

Based on this record, we can neither say the children are so bonded to the father that termination is at odds with their best interests nor that an additional six months would alleviate the need for the children's removal from the father's care.

---

[1] The mother's parental rights were also terminated.  She does not appeal.

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**